## Jones v. Commonwealth Bank & Trust Company

*Richard A. Brown,* for plaintiff.

*Michael J. DeSisti,* of *DeSisti & Keeffe,* for defendant.

WILLIAMS, *P.J.*, February 12, 1976—Plaintiff has filed her complaint in trespass, alleging that defendant bank wrongfully cashed a check made payable to her when that check was presented to the bank by her stepmother. It is alleged that the bank knew, or should have known, that the stepmother had no authority to act on behalf of plaintiff, and that the signatures of all three endorsers, including that of the stepmother, were made in the same handwriting. Defendant has filed preliminary objections in the form of a demurrer, which the court has before it for disposition. Each party has filed a brief.

Counsel for defendant has cited the appropriate statutory authority from article 3 of the Uniform Commercial Code (UCC) of April 6, 1953, P. L. 3, as amended: "An instrument is converted when . . . it is paid on a forged indorsement . . .": 12A PS §3-419(1)(c). Counsel goes on to contend, however, that subsection 3-419(3) of the U.C.C. exonerates defendant from liability to plaintiff on the basis that the bank is "a representative . . . who has in good faith and in accordance with the reasonable commercial standards . . . dealt with an instrument or its proceeds on behalf of one who was not the true owner . . ."

Counsel for plaintiff has cited a case in which the very same argument was raised in preliminary objections and rejected by the court in an exhaustive

analysis. In that case, Ervin v. Dauphin Deposit Trust Co., 38 D. & C. 2d 473, 84 Dauph. 280 (1965), Judge R. Dixon Herman held that a defendant bank could be liable in assumpsit for cashing checks payable to plaintiff as payee, some drawn on it as payor, and some drawn on other banks, when the signature of the plaintiff was forged. The reasoning of the court was based on section 3-404 of the UCC, 12A PS §3-404, providing that: "Any unauthorized signature is wholly inoperative as that of the person whose name is signed . . ." In dictum, Judge Herman recognized that a cause of action would lie either in assumpsit for money had and received, or in tort for conversion.

We note, as did Judge Herman, that the general rule in most jurisdictions always has been in favor of the payee's right to recover from a bank the money paid on a forged endorsement, at least in the absence of any negligence on the part of the payee: 9 C.J.S. 762, et seq., Banks and Banking, §357.c.; 10 Am.Jur.2d 599, et seq., §632. See also the annotation in 23 A.L.R.3d 932, 1002-1003, §34(c). The annotation and its supplement indicate that the jurisdictions are lining up in conformity with the decision of Judge Herman in Ervin.

The citation in Ervin of pre-UCC authorities is premised upon the absence in the UCC of any express provision "concerning the liability to payees of collecting or check cashing banks . . .": 84 Dauphin, at 284-85. See the discussion of this apparent gap in White and Summers, Handbook of the Law Under the Uniform Commercial Code, §15-4, pp. 499-509 (1972). At first blush, Judge Herman's analysis would seem to be contradicted by several subsections of the UCC, including the one cited by defense counsel in the case at bar. While the lan-

guage of subsection 3-419(2) implicitly recognizes a cause of action in conversion against other than a drawee bank (Stone & Webster Engineering Corporation v. First National Bank & Trust Co. of Greenfield, 345 Mass. 1, 184 N.E.2d 358, 361 (1962)), subsection 3-419(3) does exonerate a depositary or collecting bank from liability when acting as a representative. Quoting the UCC definition of "representative," as found in section 1-201(35), the Ervin court holds the term to mean a mere agent in the sense of an honest broker who deals innocently on behalf of his principal, citing First National Bank v. Goldberg, 340 Pa. 337, 17 A.2d 377 (1941). Judge Herman does not discuss the presumption established elsewhere in the UCC that a collecting bank is only "an agent or sub-agent of the owner of the item" (section 4-201(1)), "Unless a contrary intent clearly appears . . ." Under the definitions found at section 4-105, defendant in the case at bar clearly is a depositary bank, but a depositary bank also is a collecting bank, unless it is a payor bank. Thus, the presumption works in favor of defendant here; yet even so, the agent or holder status of a depositary bank is a question of fact to be resolved on a case-by-case basis.

Under the facts alleged by plaintiff in her complaint in trespass, which we must accept as true for the purpose of ruling on defendant's demurrer, there appears one fact which we believe to be controlling of our decision. In paragraph six, it is pleaded that the stepmother cashed plaintiff's check at defendant's place of business. On the basis of this allegation, we cannot say as a matter of law that defendant was a mere representative for purposes of UCC section 3-419(3). It is a reasonable inference from the pleaded fact that by virtue of

cashing the check for the stepmother, the bank became a holder in due course and owner of that instrument and no longer was merely a collection agent or representative. We believe that this is essentially the same distinction as that made by Judge Herman in Ervin, although not in the same terms expressed by him. We believe further that our decision on this point does no violence to the presumption established by UCC section 4-201, discussed above. On the basis of the pleaded facts, we cannot say as a matter of law that plaintiff cannot overcome the presumption and establish that the intent of her stepmother and the bank was to transfer ownership of the check to the bank. See East Boston Coal Company v. Luzerne Anthracite, Inc., 39 Luz. 359 (1947), as cited in the Pennsylvania Bar Association Notes to UCC section 4-201.

We do not mean to say that we consider the policy of the law to require a bank to assure itself of the validity of all previous indorsements of an instrument which passes through its hands. That would be entirely contrary to the spirit of the UCC, which is to expedite commerce by providing each successive holder with a measure of security in his transactions. We do feel, however, that a bank must assure itself of the identity and financial responsibility of the party with whom it deals directly, whether cashing a check or accepting an instrument for collection. The corollary of this is that a bank, including defendant in the case at bar, has a remedy against its customer who endorsed the instrument to it, under the UCC warranty provisions at sections 3-417 and 4-207. Of course, a bank is free also to interpose at trial the factual defenses allowed by section 3-419(3), if it can meet its burden of proof. All we are holding today is that

plaintiff has stated a recognized cause of action against defendant bank.

## ORDER

And now, February 12, 1976, in accordance with the foregoing opinion, defendant's preliminary objections hereby are overruled. Defendant is directed to file any responsive pleadings to plaintiff's complaint in trespass within 20 days of the receipt by his counsel of a copy of this opinion and order from the prothonotary of Bradford County.